IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER L. ERTL,        )
                                )
       Plaintiff,        )
                                )
       v.                 )     CASE NO. 1:09-cv-693-MHT
                                )
JOHN D. LANE,         )
                                )
       Defendant.    )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. 5, filed July 27, 2009). Pending before the Court is

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2, filed July 23, 2009) and Plaintiff's

*Motion to Appeal* (Doc. 3, filed July 23, 2009).[1] For good cause, the Magistrate Judge

recommends the Court grant the motion to proceed *in forma pauperis*, dismiss this case prior

to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B),[2] and deny the *Motion to Appeal*

---

[1]     The Court is unclear as to whether this Motion to Appeal was intended to be a separate motion or as an attachment in support of Plaintiff's Complaint. To err on the side of caution, the Court considered it as a separate motion, but also considered it in conjunction with the Complaint.

[2]     The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

as moot.

## I. PARTIES AND COMPLAINT

Plaintiff, Jennifer L. Ertl ("Ertl or "Plaintiff"), currently resides in Germany. Defendant John D. Lane ("Lane" or "Defendant") is Ertl's ex-husband and resides in Dothan, Alabama, within the Middle District of Alabama.

On July 23, 2009, Ertl initiated this action by filing a Complaint and several motions. *See* Docs. 1-4.  Ertl alleges the she was denied the right to be heard at a hearing in the Circuit Court of Houston County, Alabama Family Division.   *See* Doc. 1 and 3.   The hearing concerned the modification of child support between Ertl and Lane.  *Id*.  The Findings and Recommendation for the Modification Order for Support were issued on July 9, 2009 by Houston County Referee Phyllis Logsdon ("Referee").   *See* Doc. 1, Supporting Documentation.  Ertl presumably brings her civil rights claims pursuant to 42 U.S.C. § 1983.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).  First, the district court should

determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)).  Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.  *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process).

The complaint filed by Ertl satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees.  However, the court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) because she fails to state a claim on which relief may be granted.

A.    **Younger Abstention Doctrine**

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny

espouse a strong federal policy against federal-court interference with pending state judicial

proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *see*

*also Younger*, 401 U.S. at 43, 91 S.Ct. at 750 (The abstention doctrine is premised upon a

fundamental "public policy against federal court interference with state court proceedings.").

Further, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial

proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432, 102

S.Ct. at 2521 (citations omitted); *see also Adams v. Florida*, 185 Fed. Appx. 816 (11th Cir.

2006) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274, 1276 (11th Cir. 2003))

("Although Younger concerned state criminal proceedings, its principles are 'fully applicable

to noncriminal judicial proceedings when important state interests are involved.'").

Federal courts ordinarily should refrain from deciding the merits of a case when (1)

there is a pending state judicial proceeding; (2) the proceeding implicates important state

interests; and (3) the parties have an adequate opportunity to raise any constitutional claims

in the state proceeding. *See Middlesex*, 457 U.S. at 432, 102 S.Ct.at 2521.  With respect to

the first Middlesex factor, the relevant inquiry is "whether the federal proceeding will

interfere with an ongoing state court proceeding. If there is no interference, then abstention

is not required." *31 Foster Children*, 329 F.3d at 1274.  Applying the Middlesex factors to

the case at bar, there are essentially three questions before this Court.  First, do child support hearings constitute an ongoing state judicial proceeding?  Second, do the proceedings implicate important state interests?  Finally, is there an adequate opportunity in the state proceedings to raise constitutional challenges?

As alleged, Ertl's case falls squarely within all three prongs of the Middlesex factors. She seeks to enjoin the child support modification as it is currently stated in the Findings and Recommendations.  The ability to modify child support payments is an important state interest.  Finally, Ertl not only has the ability to raise her constitutional issues before the Circuit Court of Houston County, but also has the ability to appeal within the Alabama state appellate system.  The Court notes that based on the evidence before it, the Findings and Recommendation of the Referee have not yet been adopted by the Judge and therefore would not constitute a final order pursuant to Rule 2.1 of the Alabama Rules of Juvenile Procedure and ALA. CODE § 12-15-106.  Thus, Plaintiff still has the ability to raise her issues before the Alabama courts and this Court should abstain from exercising jurisdiction over Ertl's claims. Several courts have reached the same conclusion with regard to state child support issues. *See, e.g. Adams*, 185 Fed. Appx. 816; *Turbeville v. Office of Child Support Enforcement of the State of Fla. Dep't of Revenue*, 2007 WL 2728367 (N.D. Fla. 2007) (unpublished). Specifically, the Eleventh Circuit has stated "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations" and so "generally dismiss cases involving . . . child custody, visitations rights, establishment of paternity, [and] child support." *Ingram*

*v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (citing *Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978)).[3]  "The reasons for federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch*, 566 F.2d at 487.

**B.      Rooker-Feldman Doctrine**

Even if there was a final order, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  When there is no allegation of diversity jurisdiction,[4] the Court must have original jurisdiction to proceed.  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited

---

[3]      *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[4]      Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. Ertl, as a resident of Germany, would satisfy the citizenship requirement, but she has not shown that the matter in controversy exceed $75,000.  Thus, there is no diversity jurisdiction.

circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.  *City of Huntsville*, 24 F.3d at 171-72 (citations omitted).  "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *accord Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.).

The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).  The Eleventh Circuit has described the *Rooker-Feldman* doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex. rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).  The Supreme Court notes the *Rooker-*

*Feldman* is triggered in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Exxon Mobil*).  The Court finds Ertl's claims also fall within the ambit of the *Rooker-Feldman* doctrine should it be shown the order was final.

**C.     42 U.S.C. § 1983**

Finally, the Court notes that there is another basis for dismissal.  To obtain relief under § 1983, Plaintiff must show she was deprived of a federal right by a person acting under color of state law.  *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223

(S.D. Ala. 2006) (citing *Pinellas*).  Defendant Lane, as a private citizen, does not qualify as a "person" within the meaning of § 1983.  Thus, dismissal under 28 U.S.C. § 1915(e)(2)(B) is appropriate.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be GRANTED;

(2)      Plaintiff's claims be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B);

(3)      Plaintiff's *Motion to Appeal* (Doc. 3, filed July 23, 2009) be DENIED as moot; and

(4)      Any outstanding motions be DENIED as moot.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **October 16, 2009.**  Any objections filed must specifically identify the findings in the Magistrate Judges Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 17th day of September, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE